IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MICHAEL SAXTON EVANS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 1:10-cv-146 WLS-MSH |
| | * | 42 U.S.C. § 1983 |
| SHERIFF KEVIN SPROUL, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

On October 22, 2010, Plaintiff filed the above styled Section 1983 action against the Defendant. On July 5, 2011, Defendant Sproul filed a Motion for Summary Judgment. (ECF No. 13.) Plaintiff was notified of his right to respond but failed to do so in the time allowed. For the reasons described below, Defendant's motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, against the Sheriff of Dougherty County, Kevin Sproul. (Compl. 1, ECF No. 1.) In his Complaint, Plaintiff contends that following a probation revocation on a 2001 conviction on June 13, 2007, he was sentenced to serve the balance of his probation period, which amounted to a little over three years. (Compl. 5.) On September 9, 2009, he was released but held in the Dougherty County Jail on a detainer for charges he received on October 11, 2006. (Def.'s Mot. for Summ. Judgment 5, ECF No. 13-1.) Plaintiff's case was continued three times, and on December 8, 2010, some of the charges were dead-docketed. (*Id.*) Several

charges remained, however, and on December 22, 2010, Plaintiff was released on an Appearance Bond. (*Id.* at 7.)

Plaintiff's only contention is that that he was unconstitutionally held on the detainer when he was returned to Dougherty County Jail pending trial. (Compl. 3.) Plaintiff seeks punitive and compensatory damages for the alleged false imprisonment. (*Id.* at 6.)

## DISCUSSION

### I. Standard on Motion for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure, addressing Motions for Summary Judgment, provides as follows:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it

is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

The party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *See Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (explaining that the movant "shoulder[s] the initial burden of production in demonstrating the absence of any genuine issue of material fact"). If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *See Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) ("In other words, once a moving party has carried its burden under Rule 56(c), the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.") (internal quotation marks and citation omitted). In order to assist in meeting the parties' respective burdens, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a "separate and concise statement of the material facts to which the movant contends there is no genuine issue to be tried." The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically

controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. Local R. 56.

## II. Eleventh Amendment Immunity

Defendant Sproul first asserts that he is entitled to summary judgment on all claims made against him in his official capacities based on the immunity afforded to him under the Eleventh Amendment. "Georgia sheriffs and their deputies are entitled to official immunity under the Eleventh Amendment to the Constitution for claims arising from their use of force policies in the operation of county jails." *Mladek v. Day*, 293 F. Supp. 2d 1297, 1304 (M.D. Ga. 2003) (internal quotation marks and citation omitted); *see also Manders v. Lee*, 338 F.3d 1304, 1308-12, 1315-18, 1328-29 (11th Cir. 2003). The "authority and duty [of the sheriff] to administer the jail in his jurisdiction flows from the State, not the County." *Purcell ex rel Estate of Morgan, v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1325 (11th Cir. 2005) (internal quotation marks and citation omitted). Therefore, even assuming a constitutional violation is established, Eleventh Amendment immunity bars suit as a threshold matter. *Id*. Additionally, neither sheriffs nor their deputies and jailers, as state officials acting in their official capacities, are considered "persons" for purposes of 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for dismissal of Plaintiff's claims. *Id*. Defendant Sproul is thus entitled to summary judgment against the Plaintiff for claims made against him in his official capacity.

## III.     Qualified Immunity

"The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir.2009) (internal quotation marks omitted).  The first qualified immunity inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, the facts show that the officer's conduct violated a constitutional right."  *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808 (2009)(based on the circumstances of the particular case, the courts are now able to decide which of the two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991).  The second qualified immunity question is whether the right violated was clearly established at the time of the alleged wrongful acts.  *Id.* at 201.  "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*  If either element of the qualified immunity test is decided against the Plaintiff, the Defendant is entitled to qualified immunity.

In this case, the Plaintiff has failed to prove that any of the rights guaranteed to him through the United States Constitution were violated by the Defendant as is required in

5

*Saucier*.  All Plaintiff argues is that he was held awaiting his trial on charges that were pending against him.[1]  O.C.G.A. § 24-10-60(a) provides:

> When a prisoner confined in any state prison, county correctional institution, or other penal institution under the jurisdiction of the Board of Corrections … is needed as a witness … or when it is desired that such person stand trial on an indictment or accusation charging him with commission of a felony or misdemeanor, the judge of the court wherein the proceeding is pending is authorized to and shall issue an ex parte order, directed to the Board of Corrections, requiring his delivery to the sheriff of the county where the prisoner is desired as a witness or defendant. The sheriff or his deputies shall take custody of the prisoner on the date named in the order, safely keep him pending the proceeding, and shall return him to the original place of detention after his discharge by the trial judge.

O.C.G.A. § 42-6-4 provides:

> If an inmate is not brought to trial upon a pending indictment or accusation within two terms of court after delivery of the inmate to the sheriff or a deputy sheriff pursuant to subsection (a) of Code Section 24-10-60, provided no continuance has been granted, all detainers based upon the pending indictments or accusations shall be stricken and dismissed from the records of the department. (emphasis added).

Thus, Defendant Sproul was exercising his authority as Sheriff of Dougherty County to hold Plaintiff until his trial could commence.  Because no right has been violated, there is no need to address the second prong of *Saucier*.  Therefore, it is recommended that Defendant's Motion to Dismiss be granted as to any claims made against him in his individual capacity.

---

[1] Plaintiff argues that the charges should have been dismissed because the statute of limitations had run.  Plaintiff is incorrect as to this claim.  The charges were filed within the time allowed pursuant to *Cain v. State*, 240 S.E.2d 750 (Ga. App. 1977), and the statute of limitations does not refer to the time awaiting trial on criminal charges already filed.  *See Long v. State*, 526 S.E.2d 875 (Ga. App. 1999).

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED for the foregoing reasons. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO Recommended, this 23rd day of January, 2012.

S/ Stephen Hyles                              .
UNITED STATES MAGISTRATE JUDGE
